IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **PORSHA RAMSEUR,**<br><br>*Plaintiff*,<br><br>v.<br><br>**CONCENTRIX CVG CUSTOMER MANAGEMENT GROUP INC.,**<br><br>*Defendant*. | **CASE NO.: 5:19-CV-65** |

## COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, Porsha Ramseur ("Ramseur"), and complaining of the Defendant, Concentrix CVG Customer Management Group Inc., formerly known as Convergys Customer Care Management Group, Inc. ("Concentrix" or "Convergys"), alleges the following to be true:

### INTRODUCTION

1 This action arises from Convergys's failure to accommodate Ramseur's religious beliefs and terminating her for refusing to work on days prohibited by her religion.

2 Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

## PARTIES, JURISDICTION, AND VENUE

3	Ramseur is a resident of Lincoln County, North Carolina, and is neither a minor nor incompetent.

4	Concentrix CVG Customer Management Group Inc. was known at all times relevant to this lawsuit as Convergys Customer Care Management Group, Inc., and was a foreign corporation with an office in Catawba County, North Carolina, and a registered agent in Raleigh, North Carolina.

5	Concentrix still maintains an office in Catawba County, North Carolina and a registered agent in Raleigh, North Carolina.

6	This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

    6.1	28 U.S.C. § 1331, as the action arises out of 42 U.S.C. § 2000e et seq.;

7	This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

    7.1	Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

    7.2	N.C. Gen. Stat. § 1-75.4(1)(d), as Convergys was engaged in substantial business activity within this state at the time service of process was made upon it.

7.3      N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Ramseur's person or property.

8      Venue is proper in this Court pursuant to any/all of the following:

8.1      28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Western District of North Carolina;

8.2      28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Western District of North Carolina.

## STATEMENT OF THE FACTS

9      Ramseur is a member of the Discipline of the Fire Baptized Holiness Church of God of the Americas, which requires that its members not work or conduct business on Sundays.

10      Ramseur began working for Convergys in 2009.

11      In 2011, Convergys moved from a five-day to a seven-day workweek.

12      Ramseur brought literature from her church to Convergys, told her supervisors that her religion prohibited her from working on Sunday, and requested not to be scheduled on Sundays as an accommodation.

13      Convergys replied with her request until July 2017, when it changed Ramseur's schedule to include Sunday shifts.

14      Ramseur told her supervisor, Chris Dedousis ("Dedousis"), who said he would ask the On-Site Manager, Marshall Perry ("Perry"), about the request.

15      Perry said that he was not making an exception and that Ramsuer had to work Sundays.

16      Client complained to Steve Wheatley ("Wheatley") in human resources and reminded him about the literature she had given Convergys in 2011.

17      Wheatley said he could not find the literature, so Ramseur brought him another copy and again reiterated that her religion prohibited her from working on Sundays.

18      Ramseur also reminded Wheatley that she could work the other six days of the week, so it should not be difficult to make one of her scheduled days off a Sunday.

19      Nevertheless, Convergys continued to schedule Ramseur on Sundays.

20      Because Ramseur's religion prohibited her from working on Sunday, she began missing work on those Sunday shifts and accumulating attendance points while continuing to remind her supervisors about her religious obligations.

21      Convergys scheduled Ramseur to work on Saturday and Sunday, September 2 and 3, 2017, and to be off on Monday and Tuesday, September 4 and 5, 2017.

22      Ramseur called out of work on September 3, 2017, because of her religion.

23      On Wednesday, September 6, 2017, when Ramseur arrived at work, her team lead, Gloria Streeter ("Streeter") told Ramseur that she had been fired on September 5 and that someone was supposed to have told her before she came to work on September 6.

24      Streeter and Ramseur located Perry, who told Ramseur that she had been terminated for not working her scheduled shift on Sunday.

25      Ramseur again reiterated that she could not work on Sundays because of her religion.

26    Ramseur filed a charge with the EEOC on December 21, 2017.

27    The EEOC issued Ramseur a Notice of Right to Sue on February 26, 2019.

28    Ramseur received the Notice of Right to Sue around March 1, 2019.

29    Convergys had and Concentrix continues to have more than 500 employees.

## FIRST CAUSE OF ACTION
### Failure to Accommodate (Religion)
*Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e*

30    Ramseur is a member of the Discipline of the Fire Baptized Holiness Church of God of the Americas.

31    Ramseur requested Sundays off work because her bona fide beliefs prohibit working or conducting business on Sundays.

32    Convergys received this accommodation request.

33    The request for accommodation was feasible.

34    The requested accommodation would have been effective in meeting Ramseur's needs and alleviating the conflict between her religious practice and work duties.

35    The requested accommodation would not have caused undue hardship to Convergys.

36    With the accommodation, Ramseur would have been able to perform the essential functions of her job.

37    Convergys refused to make any accommodations for Ramseur's religion.

## SECOND CAUSE OF ACTION
### Failure to Accommodate
*Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e*

38    Ramseur is a member of a protected class based on her religious beliefs.

39    Ramseur suffered an adverse employment action: termination.

40    At the time of the adverse employment action, Ramseur was performing at a level that met her employer's legitimate expectations.

41    The adverse employment action occurred under circumstances that raise an inference of discrimination.

## PRAYER FOR PUNITIVE DAMAGES

42    Defendant is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which it is liable:

    **42.1**    Malice;

    **42.2**    An evil motive; and/or

    **42.3**    Callous indifference to a federally protected right.

43    Officers, directors, and/or managers of Defendant participated in and/or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

## REQUEST FOR JURY TRIAL

44    Plaintiff requests a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff respectfully requests this Court that it:

45    Enter Judgment for Ramseur against Defendant on all causes of action contained herein;

46    Award Ramseur damages, including punitive damages, in an amount to be determined at trial;

47    Tax the costs of this action against Defendant and award Ramseur reasonable attorney fees as permitted by law, and;

**48**     Grant such other and further relief as the Court deems just and proper.


*Respectfully submitted on this, the 23rd day of May 2019,*

>  **/S/ WILSON FONG**
>  *Attorney for the Plaintiff*
>  NC State Bar No. 50708
>  HENSEL LAW, PLLC
>  Post Office Box 39270
>  Greensboro, North Carolina 27438
>  Phone: (336) 218-6466
>  Fax: (336) 218-6467
>  will.fong@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2019, I electronically filed the foregoing Complaint and Jury Request with the Clerk of Court using the CM/ECF system, which will send notification of filing to the following:

>Concentrix CVG Customer Management Group Inc.
>C/O CT Corporation System
>160 Mine Lake Ct Ste 200
>Raleigh, NC 27615-6417
>*Defendant*

>/S/ **WILSON FONG**
>*Attorney for the Plaintiff*
>NC State Bar No. 50708
>HENSEL LAW, PLLC
>Post Office Box 39270
>Greensboro, North Carolina 27438
>Phone: (336) 218-6466
>Fax: (336) 218-6467
>will.fong@hensellaw.com