# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:19-CV-00065-KDB-DCK

| | |
|---|---|
| PORSHA RAMSEUR,<br><br>Plaintiffs,<br><br>v.<br><br>CONCENTRIX CVG CUSTOMER MANAGEMENT GROUP INC.,<br><br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Bill of Costs and Plaintiff's Objection to Bill of Costs (Doc. Nos. 30-31). The Court has carefully considered this petition and the parties' briefs and exhibits. For the reasons discussed below, the Court finds that the costs in this action should not be taxed against the Plaintiff and thus will **DENY** the petition for costs and sustain the objection.

On April 29, 2021, Defendant filed their Bill of Costs, (Doc. No. 30), seeking costs in the amount of $905.25 against Plaintiff Porsha Ramseur. The costs relate to the transcript fees associated with Defendant's taking of Plaintiff's deposition.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). However, whether to award costs and the amount of costs to be awarded are matters within the discretion of the trial court. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013); *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).

1

Although the district court has discretion to deny an award of costs, it must "articulat[e] some good reason" for its denial. *Cherry*, 186 F.3d at 446. Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided. *Ellis v. Grant Thornton LLP*, 434 Fed. App'x 232, 235 (4th Cir. 2011) (citing *Cherry*, 186 F.3d at 446). "Moreover, although the unsuccessful party's 'good faith in pursuing an action is a virtual prerequisite to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party.'" *Id.* (quoting *Cherry*, 186 F.3d at 446).

The Court finds that Ms. Ramseur's inability to pay would make it "unjust or inequitable to enforce Rule 54(d)(1) against her." *Cherry*, 186 F.3d at 447. The Court has considered Plaintiff's affidavit submitted in support of her objection to the award of costs. In her affidavit, she states that she only has $1,954 in income every month, with $1,971.42 in expenses, not including food and clothing. (Doc. No. 31-1). In addition to having more bills than income, Ramseur has only $3,550 in savings. (Id.). Further, she is the sole provider for her two children, one of whom has down syndrome and requires special care. (Id.). Therefore, the Court finds that it would be unjust to impose on her even the small amount of costs sought by the Defendants.[1]

---

[1] Indeed, with the small amount of costs at issue, it is likely that Defendants incurred attorneys' fees to prepare and file the Bill of Costs and supporting brief that amount to a substantial portion of the costs sought in the petition. Because Defendants are not entitled to recover those attorneys' fees, it thus raises the question in the Court's mind whether costs are being sought for a punitive rather than a compensatory recovery, which lends further support to the Court's determination that an award of costs would be unjust.

**ORDER**

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' petition for taxation of their Bill of Costs (Doc. No. 30) is **DENIED;**

2. Plaintiff's Objection to the Bill of Costs (Doc. No. 31) is **SUSTAINED**; and

3. The Clerk is directed to close this matter in accordance with this Order.


**SO ORDERED ADJUDGED AND DECREED**.


Signed: May 14, 2021

Kenneth D. Bell
United States District Judge